IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

COMPLAINT

CIVIL ACTION NO: 1:23-CV-00053

JURY TRIAL DEMAND

FRANKLIN XAVIER

    Plaintiff

        Prose,

Vs.

DENNIS A. HOWELL

CHESLEY ROEBUCK

BENTLY THOMAS

VIRGIN ISLANDS BOAD OF PAROLE

BUREAU OF CORRECTIONS AND

THE TERRITORY OF THE VIRGIN ISLANDS

    Defendants

DEFENDANTS

1. **JURISDICTION AND VENUE**
This court has jurisdiction under 28 U.S.C, 1915 (b) pursuant to 42 U.S.C. Subsection 1983.

2. **PARTIES**
Plaintiff Franklin Xavier prose, this complaint at 63 Upperlove, P.O. Box 8033, Kingshill St. Croix, V.I. 00850.
Defendant 1)    Dennis A. Howell Chairman V.I Board of Parole Board Member in his individual and official capacity RR#1 P.O. Box 9909, Kinghill, St. Croix, VI 00850-9715
Defendant 2)    Chesley Roebuck, Vice Chairman, V.I. Board of parole, Board Member 2, in his individual and official capacity. RR#1, P. O. Box 9909, Kingshill, St. Croix, VI 00850-9715.
Defendant 3)    Bentley Thomas, V.I. Parole Board, Board Member in his individual and official capacity. RR#1 P.O. Box 9909, Kingshill, St. Croix, Vi 00850-9715.
Defendant 4)    The Virgin Islands Board of Parole Bureau of Correction and Territory of the Virgin Island in his individual and official capacity. RR#1 P.O. Box 9909, Kingshill, St. Croix.

3. **PROCEDURAL BAKCGROUND**
AND Statement of facts to injunctive monetary and punitive damages pursuant to 42 U.S.C. Subsection (1983).

That on October 1, 2022, plaintiff filed a civil action against 911 defendants whom acted under the color of local territory laws violated plaintiff constitutional rights to due process fourth, fourteenth and sixth Amendment to the U. S. Constitution and statutory rights pursuant to 48 U.S. C. 1564.

That on November 3, 2021, plaintiff was arrested for an alleged DV.

That on November 10, 2021, an arrest warrant was issued by the V.I. Board of Parole

That on November 19, 2021, plaintiff was subsequently arrested at the John A. Bell Correctional Facility in reference to violation of parole conditions pursuant to Statue 5. V.I.C. 4605.

That on January 18, 2022, plaintiff received the Board's notification notifying plaintiff of a revocation hearing which will be conducted on January 21, 2022 at 9:30 a.m. and due to COVID -19 that this hearing will be held virtual and would plaintiff like to have a representative (an Attorney) and to please notify them as soon as possible. Plaintiff requested for legal assistance an attorney, However, Plaintiff was deprived of legal assistance and was deprived of his six Amendment.

That on January 21, 2022, plaintiff was subsequently found in violation of parole conditions pursuant to statue 5. V.I. C. 4605.

That plaintiff due process rights were violated in the notice of intent for it did not explicitly describe the alleged conduct in details to provide him with a reasonable notice and an opportunity to defend himself at the hearing or respond to the allegation contrary to the Board 's policy.

Please see Exhibit A
Notice of intent also, Exhibit B request for Legal Assistance an attorney.

It should be emphasized that the Board being fully apprised of plaintiff due process, constitutional and statutory rights and without an adequate legal representative and also without a knowingly waver. Nonetheless, the Board continued revocation hearing in violation of plaintiff fourth Fourteenth and Sixth Amendment to the U. S. Constitution and Statutory rights.
And not only the right to an attorney but also, the right to and adequate representation and the right to a fair hearing. Nonetheless, plaintiff was deprived those rights and plaintiff was subsequently found in violation without an adequate representation. Plaintiff, was not afforded the proper process due at a revocation hearing and that the decision rendered by the V.I. Board is in violation of his procedural due process Fourth, fourteenth and sixth Amendment to the U.S. Constitution and Statutory rights.

**CLAIM (1)**
Defendant (1) Dennis A. Howell
Defendant (2) Chesley Roebuck
Defendant (3) Bentley Thomas
Defendant (4)   Virgin Islands Board of Parole Bureau of Corrections and the Territory of the Virgin Islands

That on January 21, 2022, dependents within this action knowingly and intentionally deprived plaintiff of his fundamental right to due process, as to notice of intent did not describe the alleged conduct in sufficient detail to provide plaintiff an adequate defense in violation of his fourth, fourteenth and sixth Amendment to the U.S. Constitution and Statutory rights see Wolf v. Mc Donnell 418 U.S. 564. Also Benitez v. Wolff 985 F.2d.662 2.d (1993)

**CLAIM (2)**
Defendant (1) Dennis A. Howell
Defendant (2) Chesley Roebuck
Defendant (3) Bentley Thomas
Defendant (4)   Virgin Islands Board of Parole Bureau of Corrections and the Territory of the Virgin Islands

That on January 21, 2022 defendants within this action knowingly and intentionally deprived plaintiff his fundamental rights to due process in violation of his fourth, fourteenth and Sixth Amendment to the U.S. Constitution and statuary rights by failure to provide court appointed counsel at a Revocation Hearing in violation of his rights to counsel as provided by the Sixth Amendment of the U.S. Constitution of the U.S.  and Rule 44 of the Federal Rules of Criminal Procedure.

**CLAIM (3)**

Defendant (1) Dennis A. Howell
Defendant (2) Chesley Roebuck
Defendant (3) Bentley Thomas
Defendant (4)   Virgin Islands Board of Parole Bureau of Corrections and the Territory of the Virgin Islands

That on January 21, 2022, defendants within this action knowingly and intentionally deprived plaintiff of his fundamental rights to due process in violation of his fourth, fourteenth and Sixth Amendment to the U.S. Constitution and Statuary Rights.
Failing to owed a duty to exercise reasonable care to ensure a fair Revocation proceeding before an impartial tribunal.  See Morrissey v. Brewer (1973).

That on January 21, 2022, Defendants with this action deprived plaintiff of his fundamental right to due process, plaintiff right to an adequate representation (An Attorney) pursuant to Section 3006 (A) (b) Federal Rules in violation of procedural de process Fourth, Fourteenth and Sixth Amendment to the U.S. Constitution and Statutory

Rights. See Gonzalez-Lopez 5428 U.S. 140 Johnson v. Indiana 948 W.E.2d.331 336 Indiana 2011. Also, Wain Wright 372 U.S. 335 (1963).

That on January 21, 2022, the Board conducted a Revocation Hearing pursuant to Statue 5V.I.C. 4605.

That at the commence of the hearing, Board member (1) explicitly stipulated and I quote, and "I'm asking you at this point. Do you wish to have a legal representative at your own expense?" Plaintiff, "I don't have no funds to pay for a lawyer, Sir." Parole Board Member (1) and I quote, "Okay. Do you want to proceed with the hearing at this time?" Mr. Xavier , "Yes, Sir"

TRANSCRIPT – PAGE 4
Board member (2) the lady that you just spoken to is an attorney and she is going by the law. You need an attorney. "listen you were just asked if you need an attorney you said no.

Plaintiff, No, because the reason I told you no is because I told you all I don't have funds for an attorney. That is what I stated.

Board member (2). I hear that. I hear that and because you don't have funds for an attorney you're not arguing sensible on the law. The Attorney just tried to explain to you but you are still arguing your way and you don't want to hear any other way you need an attorney and if you don't, you have to request one from the Justice Department to appoint you an attorney.

Board member awaited the conclusion after the fact to explicitly informed plaintiff of his due process fourteenth and Sixth to the U.S. Constitution and Statutory. Rather than the Board propone the hearing, hearing continued depriving him of his fundamental Right to due process. See Exhibit E. Revocation Transcript Page 22, 23 and 24.

ARGUEMENT
The Board is in violation of Plaintiff due process Fourteenth and Sixth Amendment and Statutory Rights which are protected under the U.S. Constitution and Statutory Right have been violated. In addition, the Sixth Amendment guarantees the right of criminal defendant, including a public trial without unnecessary delay, the right to a lawyer the right to impartial jury and right to know who your accusers are.

Plaintiff, contends violations through.
1) Right to receive written notice of alleged violation, rules and law that plaintiff violated and possible consequences.
2) Right to prepare an adequate defense and obtain mitigating evidence.
3) Right to have any and all evidence disclosed against him
4) Right to timely hearing of charges including a probable cause hearing and formal revocation hearing within 90 days.
5) Right to provide witness, documentary evidence and confront and cross examine adverse witnesses.

6) Right to a mutual and unbiased proceeding by the Board.
7) Right to receive a written statement of decision, the evidence relied on, and the reason for revocation.
8) Right to be represented by counsel retained of if financially unable to retain counsel, counsel would be appointed pursuant to Section 3006 (A) (b) of federal rule.
9) Plaintiff rights to due process requires that he be provided a description of the circumstance giving rise to the violation including specifics as to when, where and what is alleged to have occurred. Thus, it is inadequate to reveal only that information has been received that plaintiff is involved in an assault. The Board must therefore insure that the plaintiff has been provided sufficient information to enable him to provide a defense and respond in this case, he notice of intent states only that the Board would conducting a Revocation Hearing on January 21, 2022 and that if plaintiff would like a legal replied yes but none were ever provided pursuant to Section 3006 A)b)
10) There is no indication as to why this was the only information provided in the notice of intent, and the information clearly would have afforded Plaintiff an opportunity to address the violation charge against him as required by the Board rules.

However, Plaintiff due process right were totally violated in this matter as to the notice of intent did not describe the alleged conduct n sufficient details to provide Plaintiff with notice and an opportunity to defend himself at the hearing or to respond to the allegations contrary to the Board's Policy.

Additionally, Plaintiff due process were also violated when given such short notice by the Board on January 18, 2022 and conducted Revocation hearing on the 21st, 2022 making it impossible for Plaintiff to prepare an adequate defense to the alleged violation charge.

It should be emphasized that the Board was fully award Plaintiff had a right to counsel and not only at his own expense, as clearly indicated by the Board Member (1). Rather, if financially unable, counsel will be appointed at court cost.

It should also be emphasized that at no time did Plaintiff knowingly and intentionally wave his rights to counsel. Plaintiff were without counsel upon Revocation of parole. State law requires the Board Chairman at a Revocation hearing to advise a person of their rights to counsel appointed if Plaintiff indigent, rather than postpone the hearing following appointment of counsel.

However, proceeding continued showing little or no regard for Plaintiff constitutional and Statutory Rights. The Supreme Court held that the Sixth Amendment's guarantee of counsel is a fundamental right essential to a fair trial and as such, applies to the states through the due process clause of the Fourteenth Amendment. Furthermore, the reason and reflection require us to recognize that inn or adversary of criminal justice any person hauled into court, who is too poor to hire a lawyer can't be assured a fair trial unless counsel is provided for his because a noble ideal of fair trial before defendant stand equal before the law… Can't be realized if the poor man charged with a crime has to face his accusers without a layer to assist him.

Documentary evidence at the hearing should be emphasize that the decision of the V.I. Board of Parole, when reviewed in whole clearly reflects a prima Facie of actual

prejudice due process, Fourth, Fourteenth and Sixth Amendment of the U.S. Constitution and Statutory violations. Overall, Plaintiff seeks damages for pain and suffering monetary and punitive damages from Defendants.

DAMAGES

1) Grant monetary and punitive damages from all Defendants their intentional act in violation of plaintiff Constitutional and Statutory rights and as a result of the Defendants unlawful actions, Plaintiff suffered tremendous emotional distress and pain and suffering.
2) Grant injunctive relief by ordering Plaintiff be discharged from Parole conditions.
3) An alternative order that all Defendants be relief as this court should deem reasonable and just.

**RELIEF REQUESTED**

Plaintiff seeks from Defendant

(1)    Dennis A. Howel,l Board Member (1): Monetary and punitive damages in the amount of $200,000.00 along with an injunction order against Defendant as well.

Plaintiff seeks from Defendant

(2)    Chesley Roebuck, Board Member (2) monetary and punitive damages in the amount of $100,000.00 along with an injunctive order against Defendant as well.

Plaintiff seeks from Defendant

(3)    Bentley Thomas, Board Member (3) monetary and punitive damages in the amount of $100,000.00 along with an injunctive order against Defendant as well.

Plaintiff seeks from Defendant

(4)    V.I. Board of Parole Bureau of Corrections and Territory of the Virgin Islands, (4) monetary and punitive damages in the amount of $400,000.00

Plaintiff has satisfied all administrative procedure as to where claims arose from in addition there no previous lawsuits pending

**CERTIFCATE OF SERVICE**

I, Franklin Xavier do hereby certify that on this day, I submitted and filed the foregoing documents through the Clerk of the District Court and upon the Department of Justice.

RESPECTLY,

SUBMITTED

*Franklin Xavier*

Dated: 11-21-2023